|   |   |   |
|---|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT | |
| 2 | FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

DWIGHT WILLIAMS,

    Plaintiff,

  v.

FEDERAL PROTECTIVE SERVICES, ET AL.,

    Defendants.

No. C 05-2842 JSW (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND AND DENYING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **WITHOUT PREJUDICE**

(Docket no. 2)

## INTRODUCTION

Plaintiff, a prisoner of the State of California, filed this *pro se* civil rights action when he was incarcerated at San Quentin State Prison. On September 14, 2005, the Court received from Plaintiff a notice that he now is incarcerated at the California Men's Colony in San Luis Obispo. Plaintiff has filed a motion to proceed *in forma pauperis*. In this order the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

## BACKGROUND

Plaintiff states that on August 18, 2004, police officers used excessive force against him. Plaintiff does not state the city in which this occurred, the name of the police force by which the officers were employed, or whether his current incarceration stems from the events at issue. He names as defendants the Federal Protective Services and the Office of Homeland Security, and also names individual officers. He seeks damages for pain and suffering.

## DISCUSSION

I.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica*
4  *Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

5  II.  <u>Legal Claims</u>

6  The action cannot proceed because Plaintiff has not provided the Court with the
7  information necessary to determine whether a cognizable claim for relief is stated.

8  First, Plaintiff must identify the city in which the incident occurred and the police force
9  by whom the officers were employed so that the Court can determine whether the action was
10  properly filed in this district.

11  Next, Plaintiff must clarify whether he is attempting to sue the Federal Protective
12  Services and the Office of Homeland Security. To the extent that Plaintiff is attempting to sue a
13  federal agency, damages for personal injury arising or resulting from a negligent or wrongful
14  act or omission of any federal employee while acting within the scope of his or her office or
15  employment is available only under the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b), 2671-
16  80 ("FTCA"). The timely filing of an administrative claim is a jurisdictional prerequisite to the
17  bringing of a suit under the FTCA. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir.
18  2000); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (citing 28 U.S.C. § 2675). This
19  means that *before* filing a FTCA claim in federal court, the plaintiff must file an administrative
20  claim with the proper agency and have it denied by the agency in writing. *See Brady*, 211 F.3d
21  at 503; *Gillespie*, 629 F.2d at 640. Accordingly, Plaintiff must inform the Court whether he is
22  suing a federal agency under the FTCA and whether he has complied with the administrative
23  exhaustion requirement.

24  Plaintiff also must clarify whether the individual officers he is attempting to sue are state
25  or federal employees. If Plaintiff alleges the violation of his constitutional rights by state
26  employees, he must bring suit against them under 42 U.S.C. § 1983. But if he is attempting to

27
28  2

sue individual federal officers, his proper remedy is a suit brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392-97 (1971). While the remedies available under these two causes of action are identical, different prerequisites to suit could apply. Therefore, Plaintiff must state the theory under which he intends to proceed.

Finally, Plaintiff must tell the Court whether he was arrested as a result of the incident at issue. Specifically, whether he was charged with and convicted of resisting arrest. This is because in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *see Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying *Heck* to *Bivens* claim). *Heck* makes it clear that a "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90 (footnote omitted). In California, a conviction for resisting arrest pursuant to California Penal Code section 148 may be lawfully obtained only if the officers do not use excessive force in the course of making that arrest. *Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir. 2005) (en banc). Thus, if a plaintiff has a section 148 conviction based on acts of resistance during the course of arrest, *Heck* bars claims that the police officers used excessive force during the course of the arrest. *Id.* at 697. Therefore, if Plaintiff's excessive force claim would, if meritorious, imply the invalidity of his state arrest, detention and any subsequent conviction, this action must be dismissed. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.

3

1 | Plaintiff shall file an amended complaint which complies with this order within **thirty (30)** days from the date of this order. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

4. The motion to proceed *in forma pauperis* is DENIED without prejudice. (Docket no. 2.) The Court will review Plaintiff's request anew should he file an amended complaint which complies with this order.

IT IS SO ORDERED.

DATED: January 6, 2006

JEFFREY S. WHITE
United States District Judge